```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NASIN ARAFET,

                Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           07-CV-1916(JS)(ETB)
JAMES KOUSOUROS, Esq.,
and ALLEN BRENNER, Esq.,
sued in their Individual Capacities,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Nasin Arafet, Pro Se
                   # 05A5716
                   Fishkill Correctional Facility
                   P.O. Box 1245
                   Beacon, NY 12508

For Defendants:    Alan D. Levine, Esq.
                   Law Offices of Alan D. Levine
                   80-02 Kew Gardens Road, Suite 1010
                   Kew Gardens, NY 11415
```

SEYBERT, District Judge:

On May 8, 2007, Plaintiff Nasin Arafet filed a Complaint in this Court against James Kousouros, Esq. ("Kousouros"), and Allen Brenner, Esq. ("Brenner") (collectively, "Defendants") under 42 U.S.C. § 1983. On March 31, 2009, this Court granted Defendants' motion to dismiss and afforded Plaintiff an opportunity to file an Amended Complaint. On June 9, 2009, Plaintiff filed an Amended Complaint, and on June 29, 2009, Defendants moved to dismiss the Amended Complaint for failure to state a claim. For the reasons stated below, Plaintiff's Amended Complaint is dismissed.

BACKGROUND

Plaintiff maintains that Defendants fraudulently induced Plaintiff and his family to retain Defendants to represent Plaintiff in a criminal matter. According to Plaintiff, Defendants made various untrue statements regarding their representation of Plaintiff. Plaintiff allegedly paid Defendants approximately $60,000.00 in attorneys' fees; however, Plaintiff maintains that he paid for services that he did not receive. Plaintiff alleges a cause of action for quantum meruit and a violation of 42 U.S.C. § 1983. Liberally read, Plaintiff's Amended Complaint also alleges a state law claim for fraud.

DISCUSSION

I. Standard on Motion to Dismiss

In deciding motions to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft). Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss, and

2

determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

The Court is mindful that Plaintiff is proceeding pro se, and thus his claims must be read generously. Notwithstanding the liberal pleading standards granted to a pro se Plaintiff, all complaints must contain at least "some minimum level of factual support for their claims." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

## II. Plaintiff's Section 1983 and 1988 Claims

Plaintiff alleges a Section 1983 claim against private individuals. "To state a claim against a private [individual] on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private [individual] acted in concert with the state actor to commit an unconstitutional act . . . . Put differently, a private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents." Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks and citations omitted). Plaintiff's Complaint fails to allege any "joint activity" taken by Defendants and any state actor. Indeed, Plaintiff admits in his opposition to Defendants' motion to dismiss that his Section 1983 claim is defective. Because Plaintiff has failed to allege any action taken by Defendants under color of

3

state law, the Court dismiss Plaintiff's Section 1983 claim with prejudice.

In his opposition, Plaintiff maintains that he erroneously cited to Section 1983. Plaintiff then submits a proposed Amended Complaint alleging a cause of action under Section 1988. However, Plaintiff has not pled a Section 1988 claim. "Section 1988 provides simply 'that where there are gaps in federal law with respect to the availability of suitable remedies for civil rights violations, the courts should look to state law insofar as it is not inconsistent with federal law.'" Shabazz v. Bloomberg, No. 08-CV-1789, 2008 U.S. Dist. LEXIS 82995, at *6-7 (E.D.N.Y. Oct. 17, 2008) (quoting Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt Dist., 113 F.3d 357, 362 (2d Cir. 1997). Plaintiff has not alleged a civil rights violation, and therefore Section 1988 is not applicable.

Because the Court has dismissed Plaintiff's Section 1983 claim and proposed Section 1988 claim, there are no federal causes of action remaining. The Court declines to exercise jurisdiction over Plaintiff's remaining state law claims and thus dismisses these claims without prejudice. The Court takes no position on whether or not the pro se Plaintiff's state law claims have merit; the Court is simply declining to exercise jurisdiction over these claims. See Karmel v. Liz Claiborne, Inc., No. 99-CV-3608, 2002 U.S. Dist. LEXIS 12842, at * 10-11 (S.D.N.Y. July 12, 2002) ("Where

a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court.").

CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss is GRANTED. The Court dismisses Plaintiff's federal causes of action with prejudice for failure to state a claim, and dismisses Plaintiff's state law claims without prejudice. The Clerk of the Court is directed to mark this matter closed.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  14 , 2009
       Central Islip, New York